UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| WILLIAM BOGGS, *et al.*, | ) | CASE NO.: 1:12 CV 614 |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LANDMARK 4 LLC, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter comes before the Court by the Motion of Defendant Landmark 4 LLC ("Landmark") to dismiss the Plaintiffs' Complaint pursuant to Rule 12(b)(7) for lack of subject matter jurisdiction resulting from the Plaintiffs' failure to join Wildcat, LLC ("Wildcat") as a required party under Rule 19, or in the alternative, to dismiss the Plaintiffs' claims of negligence, strict liability, battery and intentional fraudulent concealment under Rule 12(b)(6) for failure to state a claim.  The Defendant's Motion to Dismiss is DENIED in part and GRANTED in part.

**FACTUAL AND PROCEDURAL  BACKGROUND**[1]

This suit comes before the Court regarding the hydraulic fracturing ("fracking") activities of Landmark.  Plaintiffs allege that beginning in September of 2008, Landmark, an oil and gas well operator, engaged in drilling and hydraulic fracturing activities, and operated Allard Well Nos. 3-A and 4-A near Medina Township, Ohio.  (ECF #1, ¶ 6).  The Plaintiffs allege that the

---

[1] The facts as stated in this Memorandum and Order are taken from the Complaint and/or from public records and undisputed facts set forth in the parties briefs.  They should not be construed as findings of this Court.  In a motion to dismiss, the Court is obligated, for the purposes of that motion, to accept as true the facts set forth by the non-moving party, in this case, the Plaintiff.

location of these wells is approximately 2,502 feet from the Plaintiffs' property, home and water supply.  (*Id.*, ¶ 10).   Landmark used horizontal drilling and hydraulic fracturing (otherwise known as "fracking") to extract natural gas from the Allard Wells.  (*Id*. at ¶7).   Fracking requires the discharge of fluids known as "fracking fluids" or "drilling mud" into the ground under extreme pressure.  (*Id.*)  These fracking fluids are made up of a number of chemicals, which the Plaintiffs allege include carcinogenic and toxic chemicals such as barium, maganese and strontium. *(Id.* at ¶8, 14).  Plaintiffs claim that these chemicals were discharged into the ground or into the waters near Plaintiffs' home and water well due to Defendant's negligent planning, training, and supervision of staff, employees, and/or agents.  (*Id.* at ¶ 12, 13).  Plaintiffs further claim that the Defendant failed to disclose to the Plaintiffs and to public authorities and/or agencies, material facts concerning the nature, extent, magnitude, and effects of the contaminants emitted, released, stored, handled, processed, transported, and/or disposed of in and around the facility and surrounding environment, specifically with regard to their effects on Plaintiffs and their property.  (*Id.* at ¶67, 68).

The Parties both agree that the Plaintiffs originally filed their complaint in the Court of Common Pleas for Medina County on March 5, 2010 against Landmark and a second defendant, Wildcat Drilling, LLC ("Wildcat").  Defendant states that Wildcat Drilling, LLC is an Ohio limited liability company who performed the drilling activities related to the Allard Wells.  (ECF #5).  The original Complaint made similar allegations to the claims in this action, but did not assert a claim for battery.  That Complaint was voluntarily dismissed without prejudice on April 22, 2011.  (ECF #5).  Plaintiffs re-filed their Complaint in this Court on March 12, 2012. (ECF #1).  The Plaintiffs now bring this diversity action against only Landmark, a corporation

incorporated in and with its principal place of business in Delaware, asserting claims of Negligence (Count 1), Strict Liability (Count 2), Private Nuisance/Continuing Trespass (Count 4),[2] Unjust Enrichment (Count 5), Negligence per se (Count 6), Battery (Count 7) and Intentional Fraudulent Concealment (Count 8). *Id.* The Plaintiffs seek both a preliminary and permanent injunction against Landmark, as well as compensatory and punitive damages. *Id.*

In response, defendant Landmark filed a Rule 12(b)(7) motion for failure to name a required party. (ECF #5). Landmark argues that Rule 19 requires Wildcat to be brought into the present action as a co-defendant. Bringing in Wildcat would then deprive this court of subject matter jurisdiction and require this Court to dismiss the present action. *Id.* The Plaintiffs counter by arguing that Wildcat is not a necessary party under Rule 19. *Id.*

In the alternative, Landmark argues that Plaintiffs' claims for negligence, strict liability, battery, and intentional fraudulent concealment should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state claim upon which relief can be granted. Landmark argues that the negligence, strict liability, and battery claims should be dismissed as barred by the statute of limitations, and that the Complaint did not adequately set forth facts and allegations sufficient to allege a claim for fraudulent concealment. (ECF #5).

---

[2]The claims in the Complaint were misnumbered. There is no Count Three included in the Complaint. However, for clarity, this Order will refer to the claim numbers actually stated in the Complaint to reference each count.

## ANALYSIS

I.    **The Defendant's 12(b)(7) Motion to Dismiss for Failure To Join Wildcat as a Rule 19 Required Party**

Defendant Landmark first argues that Wildcat qualifies as a party that is required to be joined under Rule 19 of the Federal Rules of Civil Procedure, and therefore this case should be dismissed pursuant to Fed. R. 12(b)(7) for lack of subject matter jurisdiction. If Wildcat is found to be a required party under Rule 19, it is undisputed that joinder is not feasible because complete diversity would be destroyed and this court would lack subject-matter jurisdiction to hear this case. Title 28, United States Code, Section 1332 grants jurisdiction to federal district courts in diversity cases only when the citizenship of each plaintiff is diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Required joinder would thus deprive this Court of jurisdiction because Wildcat is both incorporated in and has its principal place of business in Ohio, and the Plaintiffs are also each citizens of Ohio. (ECF #5).

Rule 19 of the Federal Rules of Civil Procedure governs whether an additional party is required to be joined in a pending suit. Fed. R. Civ. P. 19. In determining whether a party is required under Rule 19, this Circuit requires the Court to undertake a three step analysis. *Keweenaw Bay Indian Cnty. v. Michigan*, 11 F.3d 1341, 1345 (6th Cir. 1993). First, the Court must determine whether a party is "necessary" to the action under Rule 19(a). *Id*. Second, if the party is considered necessary under 19(a), the Court must determine whether it is feasible to properly bring the required party before the Court without raising jurisdictional or venue problems. *Id.* at 1345-46. Third, if it is not feasible to join the party, the Court must look to

Rule 19(b) to determine whether, in equity and good conscience, the action should proceed among the existing parties, or if the absent party is so indispensable that the action should be dismissed. *Id.* at 1346. Wildcat is not a necessary party to the action under Rule 19(a) because the absence of Wildcat would not prevent complete relief among the existing parties, and because neither Wildcat nor Landmark would be impeded in their ability to protect their interests if Wildcat is not joined as a party.

> **A..** **The absence of Wildcat does not prevent the parties from receiving complete relief because Wildcat and Landmark are alleged joint tortfeasors and because Wildcat's contractual obligations to Landmark can be resolved in a future suit.**

A party is "necessary" under Rule 19(a)(1)(A) if the absence of that party would prevent the court from granting or according complete relief among the existing parties in a suit. Fed. R. Civ. P. 19(a)(1)(A). Complete relief is determined as between the parties already in the suit, and not as to the speculative possibility of future litigation between a party and the absent party whose joinder is sought. *Sales v. Marshall*, 873 F.2d 115, 112 (6th Cir. 1989). A defendant's right to contribution or indemnification from the absent party, therefore, does not make that party "necessary" under Rule 19(a)(1)(A). *E.g., Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 313 (3rd Cir. 2007); *Morgan Guaranty Trust Co. of New York v. Martin*, 466 F.2d 593, 597 (7th Cir. 1972); *Bedel v. Thompson*, 103 F.R.D. 78, 80 (S.D. Ohio 1984).

Specifically, the Supreme Court has held that, as a matter of law, joint tortfeasors are not necessary parties under Rule 19. *Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990). To obtain complete relief, defendant joint tortfeasors are free to pursue an indemnification or contribution claim in a separate action. *See Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 313 (3rd Cir. 2007); *Bedel v. Thompson*, 103 F.R.D. 78, 80 (S.D. Ohio 1984). Further, this Circuit

recently affirmed that joint tortfeasors are not indispensable parties even where State law holds a tortfeasor liable only in proportion to its percentage of fault. *Laethem Equipment Co. v. Deere & Co.*, No. 10-1994, 2012 WL 2149755, at *4-5 (6th Cir. June 13, 2012).[3] In such a scenario, complete relief may still be had between the parties in the action because the plaintiff can obtain recover against the named defendant for its share of fault.

 Here, Wildcat is not a necessary party under Rule 19(a)(1) because Wildcat and Landmark are alleged joint tortfeasors. If Landmark were to be found liable, either as a sole or joint tortfeasor, complete relief could be granted between the Plaintiffs and Landmark for Landmark's corresponding share of fault. *Laethem Equipment Co.*, 2012 WL 2149755, at *4-5. Further, Landmark can still obtain complete relief for any contribution or indemnification that may be due from Wildcat by bringing future litigation against Wildcat. Although Landmark argues that a "Rule 19 analysis is not based on labeling and legal relationships," (ECF #10 at 6), Landmark acknowledges that Wildcat and Landmark had a contract that defined the different roles and responsibilities each party had in the drilling and operation of the Allard Wells, (ECF #10 at 2). Courts have consistently found that the potential for future litigation based on contractual indemnification or contribution is merely speculative and does not make the potential future defendant a necessary party in the current action under Rule 19. *See Sales*, 873 F.2d at 112; *General Refractories Co.*, 500 F.3d at 313. Although bringing a separate suit against

---

[3] Although a 2003 amendment to Ohio's Joint and Several Liability statute, Ohio Rev. Code Ann. § 2307.22 (West 2012) did not completely eliminate joint and several liability for joint tortfeasors, the current statute only imposes joint and several liability on a tortfeasor if they are more than 50% responsible for the economic damages in question. *Id*. § 2307.22(A). If a tortfeasor is responsible for 50% or less of damages, they are only liable for the proportion of the economic damages sought by the Plaintiff. *Id.* § 2307.22(B). Additionally, all non-economic damages are now awarded on a proportional basis. *Id*. § 2307.22(C).

Wildcat may be less convenient for Landmark than addressing the contract dispute in the present action, convenience alone does not make Wildcat a necessary party. *School Dist. of City of Pontiac*, 584 F.3d at 265.

Finally, Wildcat is not a necessary party to the present action because there is no contractual obligation between Wildcat or Landmark, and the Plaintiffs in the present action. There is no privity between Plaintiffs and Wildcat, nor even between Plaintiffs and Landmark. Therefore, Wildcat is merely a possible joint tortfeasor in the present action and thus is not a necessary party under Rule 19(a)(1)(A).

> **B.** **The absence of Wildcat also does not impede Wildcat's abilities to protect its interests in the present action and it will not leave Landmark subject to multiple or inconsistent obligations because of their status as alleged joint tortfeasors**

A party may also be deemed necessary under Rule 19(a)(1)(B) if the absent party claims an interest relating to the subject of the action and non-joinder would impair or impede that person's ability to protect their interests, or if non-joinder would leave an existing party subject to a substantial risk of incurring multiple or inconsistent obligations because of that interest. Fed. R. Civ. P. 19(a)(1)(B). An absent party's interests are impeded when that party could become legally bound by the result of the present action that they were not a part of. *See American Express Travel Related Servs., Co. v. Bank One-Dearborn*, 195 F. App'x 458, 461 (6th Cir. 2006) (finding that an absent party's interests were not impeded when the judgment in the present action would not have any preclusive effect against the absent party in the future); *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 671 (6th Cir. 2004) (finding that an absent party's interests would be impeded when that party would be enjoined from exercising its right to vote

7

on its shares of stock as a result of the present action). For a party to be legally bound by a previous action, that party must have had a full and fair opportunity to litigate the issue in the original suit. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 328 (1979). Furthermore, this Circuit has held that while the possibility of multiple proceedings and inconsistent results can occur whenever joint tortfeasors are not parties in the same lawsuit, this possibility does not create the sort of prejudice that would require a finding that joint tortfeasors are necessary parties under Rule 19. *PaineWebber Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001).

  Here, neither the interests of Wildcat nor of Landmark will be impaired by the nonjoinder of Wildcat because Wildcat will not be bound by any judgment entered in the present case, and because Landmark is not at risk of suffering inconsistent obligations as a joint tortfeasor. As in *American Express*, 195 F. App'x at 461, Wildcat will not be legally bound by this action because it is not a party here. Thus, Wildcat will not have had a "full and fair" opportunity to defend itself, as is required for preclusive effect to apply per *Parklane Hosiery Co.*, 439 U.S. at 328. The interests of Wildcat would also not be affected by the injunction sought by Plaintiffs in the present action because, unlike in *Glancy,* 373 F.3d at 671, Wildcat's drilling actions have been completed and thus there is no current or future activity by Wildcat that would be affected by any injunction that might be issued against Landmark. (ECF #5).

  Even if Landmark is found liable in the present action and then loses to Wildcat in a subsequent suit for contribution or indemnification, these judgments would not be inconsistent, as different issues and parties would be involved. Moreover, Landmark's status as an alleged joint tortfeasor means that any potential for inconsistent or multiple judgments alone is not enough to require Wildcat's joinder under Rule 19 per this Circuit's decision in *PaineWebber*

8

*Inc.*, 276 F.3d at 204. Thus, Wildcat is not a necessary party under 19(a)(1)(B) because neither the interests of Wildcat or Landmark will be impaired by its non-joinder.

**II.    The Defendant's 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted**

   **A.    Plaintiffs' failure to plead facts relating to the Ohio savings statute in their Complaint does not automatically require the Court to dismiss this action pursuant to the applicable statutes of limitations**.

The parties do not dispute that the action originally brought in state court was timely filed in March of 2010. Nor do they dispute that the state action was voluntarily dismissed without prejudice on April 22, 2011. This action was filed on March 12, 2012, less than one year after the original case was dismissed. Under Ohio Rev. Code § 23015.19(A), anytime a case fails other than on the merits, the plaintiff may "commence a new action within one year after the date of . . . the plaintiff's failure otherwise than upon the merits." This is known as the savings statute, and it is meant to extend the statute of limitations periods for claims that were originally brought within the appropriate time but were dismissed for reasons not related to the merit of the claims. There appears to be no dispute that this action was brought within the one year period provided in the savings statute, and that under that statute, the claims for negligence and strict liability were timely filed.

Nonetheless, Landmark moves for dismissal of the negligence and strict liability claims because Plaintiffs failed to plead facts relating to the application of the savings statute in their Complaint. Landmark cites the Ohio Supreme Court's decision in *Peterson v. Teodosio*, 34 Ohio St. 2d 161, and a 1954 Seventh Circuit case, *Kincheloe v. Farmer*, 214 F.2d 604, in support of their contention that a failure to plead the savings statute requires dismissal of the claims which would have otherwise expired under the statutes of limitations. Both of these cases

9

however, are distinguishable in two very significant ways: (1) the exceptions at issue in *Peterson* and *Kincheloe* were the fraud discovery rule and period of disability tolling exceptions which both relied on factual issues that may not have been known to the Defendant absent their inclusion in the Complaint, whereas in this case the Defendant clearly was aware of the facts underlying the applicability of the Ohio savings statute prior to the filing of the motion to dismiss, whether or not those facts were included in the Complaint; and, (2) the Defendants in *Kincheloe* and *Peterso*n did not admit that the facts that would have created the exception to the statute of limitations were true, whereas Landmark has both admitted to and otherwise relied on those facts when arguing its own motion to dismiss; and, (3) the facts underlying the exceptions at issue in *Kincheloe* and *Peterson* could not be verified by way of public record.[4]

Therefore, because Landmark has not contested that the savings statute does in fact extend the statute of limitations in this case; because they were aware of the facts that gave rise to its application (i.e., they knew that they had previously been sued for the same actions and omissions and that the previous case had been dismissed otherwise than on the merits, less than a year before this case was filed); and, because Landmark, itself, raised and relied on the facts that support its application in their own motion to dismiss, the Court finds that dismissal of the negligence and strict liability claims is not warranted in this case. However, as the battery claim was never raised in the original state complaint, the savings statute does not save that claim from dismissal on statute of limitations grounds. The one year limitations period for a claim of

---

[4] On a 12(b)(6) motion, a court may consider the content of the complaint, public records, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

battery, pursuant to O.R.C. § 2305.11 has expired and consequently, Count Seven is dismissed for failure to state a claim upon which relief can be granted.

>    B.    **Plaintiffs Claim of Intentional Fraudulent Concealment was not pled with the requisite particularity to withstand dismissal**.

Federal Rule of Civil Procedure 9(b) sets forth special requirements for pleading an action for fraud. "[I]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ.P. 9(b); *accord, Friedman v. Estate of Presser,* 929 F.2d 1151 (6th Cir. 1991). The Sixth Circuit has further defined what it means to plead with particularity when the allegations include charges of fraud by intentional failure to disclose a material fact, as is pled in this Complaint. Pursuant to *Saltire Indus. v. Waller*, 491 F.3d 522, 527 (6th Cir. 2007), Plaintiffs must show that Landmark (1) concealed or suppressed a material fact; (2) had a duty to disclose that fact to Plaintiffs; (3) intentionally concealed or suppressed that fact with the intent to deceive Plaintiffs; and, must show that Plaintiffs were unaware of the fact and would have acted differently had they known the fact, and that they were damaged as a result of the concealment or suppression of that fact. *Id*.

Plaintiffs allege in their Complaint that Landmark "intentionally concealed and failed to disclose to Plaintiffs and public authorities and/or agencies, material facts concerning the nature, extent, magnitude, and effects of the exposure of Plaintiffs and/or their property to contaminants emitted, released, stored, handled, processed, transported, and/or disposed of in and around the facility and surrounding environment." (ECF #1, ¶ 67). This is not sufficient to satisfy the particularity requirements of Fed. R. Civ. Pro. 9(b) as interpreted by the Sixth Circuit. Plaintiffs

11

allege no duty to disclose information to them;  cannot recover for any misrepresentations that may have made to a third party (i.e. public authorities and/or agencies); do not allege what material facts should have been disclosed exactly; or that the failure to disclose was intentionally meant to deceive the Plaintiffs.  Further they do not allege any facts that would support their conclusory claim that they suffered damage stemming from the concealment of such facts, as opposed to the existence of the alleged contamination.   The failure to warn of potential contamination or exposure to dangerous chemicals, without more, is not actionable as fraudulent concealment.  *Coffey v. Foamex*, 2 F.3d 157, 161 (6th Cir. 1993).  Plaintiffs Complaint fails to allege with particularity the required elements for a claim of intentional fraudulent concealment, and must be dismissed.

## CONCLUSION

For these reasons, Defendant's Motion, (ECF #5), is hereby DENIED in part and GRANTED in part.   Counts Seven and Eight of the Complaint are dismissed.  All other claims remain pending.   IT IS SO ORDERED.

       Donald C. Nugent
       DONALD C. NUGENT
       United States District Judge

DATED:   August 13, 2012