UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| BOGGS, *et al.*, | ) | CASE NO.: 1:12 CV 614 |
|  | ) |  |
|  | ) | JUDGE DONALD C. NUGENT |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| LANDMARK 4 LLC, | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| Defendant. | ) |  |

This matter comes before the Court by the Motion of Defendant Landmark 4 LLC ("Landmark") to dismiss the Plaintiffs' Second and Sixth Claims for Relief in their Second Amended Complaint.  (ECF #29).  Landmark contends that Counts Two and Six fail to state claims upon which relief may be granted pursuant to Rule 12(b)(6).  Plaintiffs have agreed to voluntarily dismiss Claim Six without prejudice, but they oppose the dismissal of Count Two. (ECF #32).  The Defendant's Motion to Dismiss is DENIED in part and GRANTED in part.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

This suit comes before the Court regarding the hydraulic fracturing ("fracking") activities of Landmark.  Plaintiffs allege that beginning in September of 2008, Landmark, an oil and gas well operator, engaged in drilling and hydraulic fracturing activities, and operated Allard Well Nos. 3-A and 4-A near Medina Township, Ohio.  (ECF #1, ¶ 6).  The Plaintiffs allege that the

---

[1] The facts as stated in this Memorandum and Order are taken from the Complaint and/or from public records and undisputed facts set forth in the parties briefs.  They should not be construed as findings of this Court.  In a motion to dismiss, the Court is obligated, for the purposes of that motion, to accept as true the facts set forth by the non-moving party, in this case, the Plaintiff.

location of these wells is approximately 2,502 feet from the Plaintiffs' property, home and water supply.  (*Id.*, ¶ 10).   Landmark used horizontal drilling and hydraulic fracturing (otherwise known as "fracking") to extract natural gas from the Allard Wells.  (*Id*. at ¶7).   Fracking requires the discharge of fluids known as "fracking fluids" or "drilling mud" into the ground under extreme pressure.  (*Id.*)  These fracking fluids are made up of a number of chemicals, which the Plaintiffs allege include carcinogenic and toxic chemicals such as barium, maganese and strontium. *(Id.* at ¶8, 14).  Plaintiffs claim that these chemicals were discharged into the ground or into the waters near Plaintiffs' home and water well due to Defendant's negligent planning, training, and supervision of staff, employees, and/or agents.  (*Id.* at ¶ 12, 13).  Plaintiffs further claim that the Defendant failed to disclose to the Plaintiffs and to public authorities and/or agencies, material facts concerning the nature, extent, magnitude, and effects of the contaminants emitted, released, stored, handled, processed, transported, and/or disposed of in and around the facility and surrounding environment, specifically with regard to their effects on Plaintiffs and their property.  (*Id.* at ¶67, 68).

The Parties both agree that the Plaintiffs originally filed their complaint in the Court of Common Pleas for Medina County on March 5, 2010 against Landmark and three other defendants, including Wildcat Drilling, LLC ("Wildcat").  The state Complaint made similar allegations to the claims in this action, but did not assert a claim for battery.  That Complaint was voluntarily dismissed without prejudice on April 22, 2011.  (ECF #5).  Plaintiffs re-filed their Complaint in this Court on March 12, 2012, (ECF #1), asserting claims of Negligence (Count 1),

Strict Liability (Count 2), Private Nuisance/Continuing Trespass (Count 4),[2] Unjust Enrichment (Count 5), Negligence per se (Count 6), Battery (Count 7) and Intentional Fraudulent Concealment (Count 8).  *Id.*

Defendant Landmark filed a Rule 12(b)(7) motion for failure to name a required party. (ECF #5), and alternatively argued that Plaintiffs' claims for negligence, strict liability, battery, and intentional fraudulent concealment should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state claim upon which relief can be granted.  The Court dismissed Counts Seven and Eight, based on the statute of limitations and failure to plead with the required specificity, respectively.  (ECF #18, 20).  Following the Court's decision, Plaintiffs filed a First and Second Amended Complaint, re-stating their first six claims, (ECF #27, 28), although they have since agreed to dismiss the sixth claim without prejudice.

Landmark now seeks to have the second claim for strict liability dismissed, as well. Landmark argues that Plaintiffs have not alleged facts sufficient to establish that Landmark engaged in "an abnormally dangerous activity" as required for strict liability.  In support of this argument, Landmark contends that Plaintiffs failed to address the six factors outlined in Section 520 of the Restatement of Law for determination of what might equate to an abnormally dangerous activity.  *See, Slack v. Fort Defiance Const. & Supply, Inc.*, 2004 WL 2806310 at *3 (Ohio App. Dec. 7, 2004); *see also Green v. Begley Co.*, 2008 WL 4449065 at *3 (S.D. Ohio Sept. 29, 2008).  Further, Landmark argues that Plaintiffs cannot allege a negligence claim for

---

[2]  The claims in the Complaint were misnumbered.  There is no Count Three included in the Complaint.  However, for clarity, this Order will refer to the claim numbers actually stated in the Complaint to reference each count.

failure to take reasonable precautions, and also maintain a claim for strict liability which exists when there is an inability to eliminate risk of harm by the exercise of reasonable care.

Plaintiffs counter that they have sufficiently pled a claim for strict liability premised on abnormally dangerous activity.  They argue, and it is true, that the pleading requirements of Fed R. Civ. P. 8(a)(2) does not require that their pleadings set forth their full factual and legal argument to prove that Landmarks' alleged activities could be classified as an abnormally dangerous activity.   In fact, a Plaintiff is not required to set forth even every element of a claim for negligence or strict liability.  *Davis v. Widman*, 922 N.E.2d 272 (Ohio App., 2009).  The six factors outlined in Section 520 of the Restatement Second of Torts are not elements of a strict liability claim.  They are guidelines for the Court to use when determining whether the facts presented on Summary Judgment or at trial establish that the Defendants activities are abnormally dangerous for purposes of the strict liability laws.  These factors are not exclusive, are not mandatory, and not required to be pled either with or without specificity.  *See, Doherty v. Ohio State University*, 1990 WL 86772 at *3 (Ohio App. June 26, 1990).

Plaintiffs have alleged that Landmark engaged in hydraulic fracturing, using toxic substances, toxic fumes, carcinogens, and otherwise ultra-hazardous materials and injecting those substances below the ground surface under extreme pressure, in the vicinity of private property and public or private water sources during their drilling and production activities. These allegations are sufficient to state a possible claim for strict liability.  The *Hirsch* case cited by Defendants is factually distinguishable, and its reasoning does not translate to the facts of this case.  In Hirsch, the Plaintiffs alleged strict liability for alleged contamination caused when a train derailed and spilled toxic and hazardous chemicals onto the ground.   There is no indication

in that case that the transport of the hazardous chemicals was itself alleged to be a strict liability event, or that the chemicals could have caused damage if there had not been a derailment caused by negligence.  Further, the transport of hazardous materials by train is an event that is in no way new or uncommon.  In this case, the parties allege both that the drilling activities were conducted negligently, and that fracking itself should be considered a strict liability activity.   Fracking is not as familiar an activity as rail transport and the Second Amended Complaint includes allegations that the process requires the injection of hazardous chemicals and materials into the ground near water sources.  The Second Amended Complaint alleges sufficient facts and information to raise a question as to whether fracking, even in the absence of negligence should be considered an abnormally dangerous activity.  The Defendants certainly have been provided with fair notice of what the claim is and the grounds upon which it rests.  Whether or not the facts will actually support liability under the theory of strict liability is a question for a later date.

     As to Landmark's second argument, this contention is without legal basis.  A Plaintiff is permitted to argue alternate theories of liability, and Ohio courts have made clear that "[s]trict liability and negligence are complementary but distinct theories of liability" that may be pled in the alternative.  *Francis Corp. V. Sun Co.*, 1999 WL 1249534 at *1 (Ohio App., Dec. 23, 1999).  Although Plaintiffs may not obtain a recovery on two theories of liability that have mutually exclusive legal standards of proof, they are not precluded from arguing or pursuing both theories in the alternative through the course of the litigation.  The fact that in their claim for negligence the Plaintiffs alleged that the negligent drilling practices were the sole cause of their damages, does not preclude them from arguing in a different count that fracking in and of itself is subject to strict liability even in the absence of negligence by the Defendants.

Finally, as Plaintiffs have failed to offer any argument to counter Defendants request for the dismissal of Count Six, and have agreed to dismiss that claim (albeit without prejudice), the Court finds that the 12(b)(6) motion should be granted on this Count. Count Six will be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## **CONCLUSION**

For these reasons, Defendant's Motion, (ECF #29), is hereby DENIED with regard to Count Two, and GRANTED with regard to Count Six. Count Six is dismissed. All other claims remain pending. IT IS SO ORDERED.

    /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:   March 13, 2013